UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW BARTON BABIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEIGHBORHOOD CODE )<br>ENFORCEMENT, et al., )<br>)<br>Defendants. ) | Cause No. 1:25-CV-394-HAB |

## OPINION AND ORDER

Plaintiff, "a living man," has filed a new case in this Court and simultaneously moves for leave to proceed *in forma paupauris.* (ECF Nos. 1, 2). The Court is familiar with Plaintiff as it recently dismissed his case that brought similar claims. *See Babis v. City of Fort Wayne Neighborhood Code Enforcement,* case no. 1:25-cv-00342 (N.D. Ind.). In that case, the Court dismissed his claims for failing to prosecute them and failing to comply with this Court's orders. This was after the Court ordered him to use the Court-approved IFP and Complaint forms as well as warning him that his Complaint failed to state a claim to relief that was plausible on its face. And so, we are here again.

Plaintiff still fails to use the Court-approved forms. *See* N.D. Ind. L.R. 7-6 (providing that the court can require litigants representing themselves to use clerksupplied complaint forms); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). All the same, Plaintiff's new Complaint (ECF No. 1) sheds light on what claims he is bringing. It also brings to light that this Court lacks jurisdiction over this dispute. Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP,*

*Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3).

"[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for subject matter jurisdiction are met. *See Smart v. Loc. 72 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Thus, to proceed in federal court here, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

From the best the Court can gleam, Plaintiff is challenging some aspect of the mortgage foreclosure proceedings on his home currently ongoing in Allen Circuit Court Case No. 02C01-2412-MF-000377.[1]

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Seventh Circuit and district courts in this Circuit have long held that a state-court mortgage foreclosure proceeding itself does not raise a federal question. *See, e.g., Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) (an action involving "only [a] mortgage foreclosure" was "proper for state court determination, not federal court", and "[l]and title and possessory actions are generally not the business of federal courts."); *GMAC Assocs., Inc. v. Devon Bank*, 1993 WL 86802, at *2 (N.D. Ill. Mar. 23, 1993) (foreclosure "does not turn on an

---

[1] The Court takes judicial notice of the records from the Allen Circuit Court Case No. 02C01-2412-MF-000377. *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021) (the Court can take "judicial notice of matters of public record, including court filings and documents from the ongoing state court proceedings incorporated into the federal complaint.") (citation omitted)

interpretation of [] federal law" and "foreclosure complaint remains an action between private parties to determine the contractual rights to private property"); *Green Tree Servicing, LLC v. Williams*, 2014 WL 2865905, at *12 (N.D. Ill. Jun. 24, 2014) (state-court complaint that alleged "nothing more than a mortgage foreclosure action under Illinois law" was not a basis for federal question jurisdiction). It is thus clear that Plaintiff's Complaint does not present a federal question.

Nor is there diversity of citizenship which would confer diversity jurisdiction. For diversity jurisdiction to exist, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, Plaintiff must establish that each defendant is a citizen of a state different from Plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. Here, Plaintiff and all Defendants are citizens of Indiana. There is no diversity and, thus, there is no subject matter jurisdiction.

For these reasons, this case is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED on July 22, 2025.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT